%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

15-CV-5052



15  5052

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARTCHENKO

## DEFENDANTS
CAPITAL MANAGEMENT SERVICES, LP, DOES 1 THROUGH 10

(b) County of Residence of First Listed Plaintiff: **Montgomery County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Buffalo, NY**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.
Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  9/8/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

SEP 10 2015



**UNITED STATES DISTRICT COURT**      15    5052

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: 698 ½ South Ogden Street Buffalo, NY 14206-2315

Place of Accident, Incident or Transaction: Montgomery County
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, Eric Rayz, Esq., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 9/8/15   _____   87976
              Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/8/15   _____   87976
              Attorney-at-Law    Attorney I.D.#

SEP 10 2015

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

MARTCHENKO

v.

CAPITAL MANAGEMENT SERVICES, LP, et al.

CIVIL ACTION

NO. 15 5052

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 9/8/15 | _____ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 10 2015




FILED
SEP 10 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRE MARTCHENKO, individually and on behalf of all others similarly situated, <br><br> Plaintiff(s) <br><br> v. <br><br> CAPITAL MANAGEMENT SERVICES, LP; and DOES 1 through 10, inclusive, <br><br> Defendant(s) | **Class Action Complaint** <br><br> 15   5052 <br><br> Civil Action No. <br><br> Jury Trial Demanded |

Plaintiff Alexandre Martchenko (hereinafter "Plaintiff") on behalf of himself individually, and on behalf of all others similarly situated, alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2. In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use. Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3. Upon information and belief, Defendant used these very same tactics across the country against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4. Absent this action, Defendant's inappropriate tactics would continue unabated.

## II. THE PARTIES

5. Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Montgomery County.

1

6. Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7. Defendant CAPITAL MANAGEMENT SERVICES, LP (hereinafter "Defendant") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

8. Indeed, on its own website, http://www.cms-collect.com/, Defendant describes itself as "a nationally licensed and recognized collections agency . . ." See http://www.cms-collect.com/, last visited on September 8, 2015.

9. Upon information and belief, Defendant is organized under the laws of the State of New York and its principal place of business is located at 698 ½ South Ogden Street Buffalo, NY 14206-2315.

10. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

12. Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

13. Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

14. At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III. JURISDICTION AND VENUE

15. This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

16. The Eastern District of Pennsylvania is the proper venue for this litigation, because:

   a. Plaintiff is a resident of the Eastern District of Pennsylvania and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

   b. Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

### IV. STATEMENT OF CLAIMS

#### A. BACKGROUND

17. Defendant sent Plaintiff a letter, dated September 2, 2014, regarding Plaintiff's alleged delinquent consumer debt of $1,074.07 (hereinafter "Letter"). A true and correct copy of the letter (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

18. The Letter was an attempt to collect a delinquent consumer debt at issue; specifically, a debt owed with regard to the use of Plaintiff's personal credit card.

3

19. The Letter was mailed in an envelope. The return mailing address for the Letter was not physically printed on the outside of the envelope and, instead, was visible through a glassine window, appearing as follows:



20. The redaction below the return address that is set forth above covers a bar code. This bar code contains Plaintiff's personal, identifying information.

21. Indeed, the information that appeared in the bar code at issue was associated solely with Plaintiff.

22. Bar codes can be easily deciphered, using widely-available free applications for "smart" phones or other mobile devices. In fact, many consumers have these applications already installed (and use them regularly) to enable access to the so-called "QR Codes" – a specific type of bar code used in marketing literature to direct a consumer's "smart" phones or mobile device to a website merely by scanning the code. Thus, many consumers have installed various bar code readers/applications on their phones to take advantage of the convenience offered by scanning "QR Codes." See generally http://www.bloomberg.com/bw/articles/2012-12-17/how-the-bar-code-took-over-the-world, last visited on August 21, 2015; http://www.scanlife.com/news/report-shows-scanbuy-processed-over-21-million-mobile-barcode-scans-in-q2-2, last visited on August 21, 2015.

23. Thus, anyone could scan the bar code contained in the Letter, which was clearly visible through the glassine window, and gain personal information about Plaintiff.

24. By disclosing Plaintiff's personal, identifying information on an envelope sent through U.S. mail, Defendant significantly increased the risk that Plaintiff would be a victim of identity theft.

25. Section 1692(f)(8) of the FDCPA specifically prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

26. The disclosure of Plaintiff's personal, identifying information on the face of the envelope violated Section 1692(f)(8). See Douglass, et al. v. Convergent Outsourcing, 765 F.3d 299 (3rd Cir. 2014); Kostik v. ARS National Services, Inc., 2015 WL 4478765 (M.D.Pa. 2015).

27. As described herein, Defendant's actions violated the applicable provisions of the FDCPA.

28. Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

29. Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

30. Plaintiff and the Class he seeks to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

31. Plaintiff and the Class he seeks to represent have suffered and will continue to suffer damages due to Defendant's conduct, as set forth herein.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and a class of similarly-situated

individuals pursuant to Fed.R.Civ.P. 23, defined as follows: all natural persons in the territorial jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania, who were sent a letter from Defendant, in the course of Defendant attempting to collect a debt, with a bar code visible on the face of the envelope, during the statutory period covered by this Complaint.

33.     The number of individuals in the Class is so numerous that joinder of all members is impracticable. The exact number of members of in the Class can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

34.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and consumer litigation, including specifically FDCPA litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

35.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

36.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FDCPA. In addition, Defendant is likely to continue to violate this statute.

37.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this

litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

38. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendant is a "debt collector" under the FDCPA;

    b. Whether Defendant disclosed a consumer's personal identifying information on the face of the mailing envelope;

    c. Whether Defendant violated 15 U.S.C. § 1692f; and

    d. Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

39. Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

40. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I
## FDCPA

41. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

42. Defendant is a "debt collector" as that term is defined under the FDCPA.

43. As described herein, the actions of Defendant violate the applicable provisions of the FDCPA.

44. Defendant's violations with respect to its collection efforts, include but are not limited to, using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumer, in violation of 15 U.S.C. § 1692f(8).

45. As a result of Defendant's violations of the FDCPA, Plaintiff and the members of the Class have suffered damages in an amount to be determined at trial.

## V. CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a) A Declaration that Defendant has violated the applicable provisions of the FDCPA;

(b) An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

(c) An Order appointing Plaintiff and his counsel to represent the Class;

(d) An Order enjoining Defendant from any further violations of the FDCPA;

(e) Actual damages;

(f) Statutory damages;

(g) Attorneys' fees and costs; and

(h) Such other relief as the Honorable Court shall deem just and appropriate.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

Date: September 8, 2015

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____
Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Class

# EXHIBIT "A"

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317



Reference# ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
|ıı|ıll|ı|ıııı|ılı|llllıılıı|ıllllıııııılılllıı||ıllıılıl|ılıl

Alex Martchenko

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 a.m. - 10 p.m. ET
Sat 8 a.m. - 2 p.m. ET
Toll Free: 1-800-299-3934, Fax: 716-512-6046

Original Creditor: DISCOVER BANK
Current Creditor: DISCOVER BANK
Account #: ▮▮▮▮▮▮▮▮▮▮
Amount of Debt: $1074.07
AMOUNT ENCLOSED: _____
Current Address: _____
_____
Current Phone #: _____

---

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

September 20, 2014

************21% SETTLEMENT OFFER************

Dear Alex Martchenko:

On behalf of DB SERVICING CORPORATION, Capital Management Services, LP. is willing to accept less than the full balance due as a settlement on the above mentioned account. The settlement offer shall be $225.56 due in our office no later than TEN (10) days from the receipt of this letter. We are not obligated to renew this offer.

Upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied.

You may send the settlement payment to Capital Management Services, LP. at 698 1/2 South Ogden Street Buffalo, NY 14206-2317. Our representatives are trained to offer assistance regarding this obligation. For account inquiries, you may contact Capital Management Services, LP. by calling 1-800-299-3934 Mon. through Fri. 8 am to 10 pm ET, Sat. 8 am to 2 pm ET. You may also make payments online at: www.cms-trans.com.

Whenever $600 or more is forgiven as a result of settling a debt for less than the balance owed, the creditor may be required to report the amount forgiven to the Internal Revenue Service on a 1099C form after which a copy would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences we encourage you to consult your legal or tax advisor.

Due to the age of your account, Discover Bank is not able to file suit against you but if you take specific action such as making a payment or making a written promise to pay, the time for filing a suit will be reset. We would like to work with you to resolve your account balance.
This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

3293/G3

Capman-122733.let  368856 * 20-DB SERVICING CORPORATION-003929-PA * 60(



